IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL GRAHAM; ALEXUS DIGGS; and HEATHER CONNOLLY, *on behalf of themselves and all others similarly situated*, <br><br> *Plaintiffs-Petitioners*, <br><br> v. <br><br> ALLEGHENY COUNTY; and ORLANDO HARPER, *Warden of Allegheny County Jail*, <br><br> *Defendants-Respondents*. | Civil Action No. 2:20-cv-00496 <br><br> **ELECTRONICALLY FILED** |

**Protective Order**

This Protective Order is entered into on this  6th  day of May 2020 for the purpose of protecting the parties, counsel and, any non-party provider of medical services to people incarcerated in the Allegheny County Jail from future liability relating to the Court-ordered release of confidential inmate patient health and mental health information contained in documents, requested by plaintiffs' counsel from the defendant County of Allegheny. These documents are or may be in the possession of the County of Allegheny and/or any non-party provider of medical services to pregnant inmates of the Allegheny County Jail, and or counsel for the County of Allegheny, all of which are considered to be "covered entities" as defined by the Health Insurance Portability and Accountability Act of 1996, "HIPAA". This Protective Order is intended to cover all "protected health information" as that term is defined by HIPAA that has been or will be requested by the parties to this litigation.

Additionally, added protection for patient mental health medical records is set forth by the Pennsylvania statute known as the Mental Health Procedures Act ("MPHA"), 50 P.S. § 7111, which protects, prohibits unauthorized disclosure of mental health information. Under, the MHPA,

medical records referring to mental health information may be released pursuant to a Court Order. 55 Pa. Code § 5100.3.35.

Pursuant to HIPAA, protected health information may be disclosed without an individual's written authorization pursuant to the regulations concerning the discoverability of patient medical records set forth at 45 C.F.R. § 164.512(e), as follows:

A covered entity may use or disclose protected health information without the authorization of the individual, as described in § 164.508, or the opportunity for the individual to agree or object as described in § 164.510, in the situations covered by this section subject to the applicable requirements of this section.

**(e) Standard: Disclosures for judicial and administrative proceedings**.

(1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:

(ii) In response to a **subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court** or a administrative tribunal, if:

(B) The covered entity receives satisfactory assurance, as described in paragraph **(e)(1)(iv)** of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a **qualified protective order** that meets the requirements of paragraph (e)(1)(v) of this section.

(v) For purposes of paragraph (e)(1) of this section, a qualified protective order means, with respect to protected health information requested under paragraph (e)(1)(ii) of this section, and order of a court or of an administrative tribunal or a stipulation by the parties to the litigation or administrative proceeding that:

(A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the captioned litigation or proceeding for which such information was requested, and

(B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation proceeding.

**THEREFORE, THIS PROTECTIVE ORDER:**

(A) Prohibits the parties or their counsel from using or disclosing the protected health information for any purpose other than the captioned litigation or proceeding for which such information was requested and distribution of the documents are limited to only those persons who need to handle or read the documents in the instant lawsuit;

(B) Requires the return to the covered entities or destruction of the protected health information (including all copies made) at the end of the litigation proceeding;

(C) Requires the defendants and non-parties AHN, and their counsel to produce requested individual inmates' protected health information that would otherwise require a specific class member to sign a HIPPA compliant authorization allowing for the release of his/her personal protected health information; and

(D) Requires the defendants and any non-party provider of medical services to persons incarcerated at the Allegheny County Jail and their counsel to produce information that would otherwise be protected from disclosure under the Mental Health Procedures Act, 50 P.S. § 7111, subject to the provisions in ¶¶(A) and (B).

(E) Nothing in this Order shall prohibit the defendants from objecting to the production of any requested information on any grounds, other than plaintiffs' failure to provide a HIPAA compliant authorization.

This Protective Order is signed by counsel for the parties and is submitted to the court for approval and signature.

                                        Respectfully submitted,

| | |
|---|---|
| */s/ Sara J. Rose* | */s/ Bret Grote* |
| Sara J. Rose, Esq. | Bret D. Grote, Esq. |
| PA ID No.: 204936 | PA ID No. 317273 |
| */s/ Witold J. Walczak* | */s/ Quinn Cozzens* |
| Witold J. Walczak, Esq. | Quinn Cozzens, Esq. |
| PA ID No.: 62976 | PA ID No. 323353 |
| **American Civil Liberties Union of Pennsylvania** | */s/ Jaclyn Kurin* |
| | Jaclyn Kurin, Esq. |
| PO Box 23058 | D.C. Bar ID No. 1600719 |
| Pittsburgh, PA 15222 | */s/ Jules Lobel,* |
| T: (412) 681-7864 (tel.) | Jules Lobel, Esq. |
| F: (412) 681-8707 | Of Counsel |
| srose@aclupa.org | N.Y. Bar No. 1262732 |
| vwalczak@aclupa.org | */s/ Swain Uber* |
| | Swain Uber, Esq. |
| */s/ Alexandra Morgan-Kurtz* | Of Counsel |
| Alexandra Morgan-Kurtz, Esq. | PA I.D. No. 323477 |
| PA ID No. 312631 | **Abolitionist Law Center** |
| **Pennsylvania Institutional Law Project** | P.O. Box 8654 |
| 100 Fifth Ave, Ste. 900 | Pittsburgh, PA 15221 |
| Pittsburgh, Pa 15222 | T: (412) 654-9070 |
| T: (412) 434-6175 | bretgrote@abolitionistlawcenter.org |
| amorgan-kurtz@pailp.org | qcozzens@alcenter.org |

*/s/ Sozi Pedro Tulante*
Sozi Pedro Tulante, Esq.
PA ID No. 202579
**Dechert LLP**
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
T: (215) 994-2496
F: (215) 665-2496
Sozi.tulante@dechert.com
*Admitted pro hac vice*

*Attorneys for Petitioners/Plaintiffs*

*/s/ John A. Bacharach*
John A. Bacharach, PA ID 19665
Allegheny County Assistant Solicitor
Allegheny County Law Department
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard Pittsburgh, PA 15219
Tel: (412) 350-1150 john.bacharach@AlleghenyCounty.us

*Counsel for Defendants*

So Ordered this  6th  day of May 2020:

 s\Cathy Bissoon
Cathy Bissoon, United States District Judge