IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL GRAHAM, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 20-496 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| ALLEGHENY COUNTY, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

### **ORDER**

The parties' joint Motion (**Doc. 126**) for approval of their settlement agreement will be held in abeyance, as follows. The Court has no issue with, and is inclined to approve, the settlement agreement. To be clear, however, the Court cannot approve it as a *class action* settlement.

In federal court, the settlement of a class action occurs in two stages. Rescigno v. Statoil USA Onshore Props. Inc., 2020 WL 3830931, *6 n.6 (M.D. Pa. Jul. 8, 2020) (citations omitted). First, the parties submit a proposed settlement to the Court, which makes a preliminary fairness evaluation. *Id.* If the Court deems the proposed settlement preliminarily acceptable, it will direct that notice be provided to all class members who would be bound by the proposed settlement, in order to afford them an opportunity to be heard on, object to and opt out of the settlement. *Id.* In the second stage, after class members have been notified, the Court holds a formal "fairness hearing" wherein class members may object to the settlement. *Id.* Superimposed on this process is the requirement that notice of the settlement be provided to affected state and federal officials, under the Class Action Fairness Act, 28 U.S.C. § 1715.

There presently is no reason to believe that the parties expect, or intend, to engage the procedural safeguards required for the Court to approve a class action settlement.  The Court offers no opinion, moreover, regarding the distinctions in preclusive-effect, if any, between approving the settlement as proposed − and approving a class action settlement − in the specific context and under the circumstances presented.

Consistent with the foregoing, any party wishing to be heard regarding these matters may, by **July 26, 2021**, file supplemental briefing.  If no party objects to the settlement being approved, as described in this Order, the parties promptly may file a joint notice with the Court so indicating.  If no supplemental submissions timely are filed, the Court promptly will approve the proposed settlement, consistent with the terms of this Order.

IT IS SO ORDERED.


July 19, 2021                                        s/Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States District Judge


cc (via ECF email notification):

All Counsel of Record